## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
**KATIE WARREN,**                                       )
)
      **Plaintiff,**                                   )
)         **Civil No.**
      **v.**                                           )         **09-40217-FDS**
)
**P.O. MARK ROJAS and P.O. KELLEN**              )
**SMITH, in their individual and official**       )
**Capacities; JOHN DOES 1-5, in their**           )
**supervisory capacities; GARY GEMME,**           )
**Chief of Police, and City Manager MICHAEL**     )
**V. O'BRIEN, each in their individual and**      )
**official capacities; and the CITY OF**          )
**WORCESTER,**                                      )
)
      **Defendants.**                                  )
_____)

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO CONTINUE IMPOUNDMENT, DESTROY, OR RETURN CUSTODY OF DOCUMENT 59

**SAYLOR, J.**

      This is a civil rights action arising out of an incident in which two Worcester Police

Officers are alleged to have used excessive force during the course of an arrest.  The parties

settled the case in 2011; defendants have now moved to continue the impoundment of certain

documents filed with the Court before the settlement was reached.

      Plaintiff Katie Warren filed her original complaint in Worcester Superior Court on

September 3, 2009.  After defendants removed the case to federal court, the parties conducted

discovery and litigated several discovery disputes before a settlement order of dismissal was

entered on August 25, 2011.  (D. 67).  No dispositive motions were filed.

Plaintiff filed three motions to compel during the discovery phase of the litigation. (D. 34, 42, 57).  In support of plaintiff's third motion, Docket No. 57, plaintiff requested and was granted leave to file under seal certain already-produced documents that were subject to a joint protective order.  Those documents consisted of written citizen complaints regarding the defendant police officers as well as those officers' personnel files maintained by the Worcester Police Department.  (D. 59).

On August 28, 2015, the Court issued an order pursuant to Local Rule 7.2 that the documents would be placed in the public file unless an appropriate motion was filed by a party to continue their impoundment.  On September 16, 2015, defendants filed a motion to continue impoundment of the documents, or to destroy or return custody of them to defendants' counsel. Defendants also requested that attorneys' fees and costs be assessed against plaintiff's counsel. Plaintiff opposes defendants' motion, and requests that the Court allow a redacted version of the documents be entered into the public file.

There is a "presumption that the public has a common-law right of access to judicial documents." *In re Providence Journal Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)).  "[T]he common-law right of access extends to 'materials on which a court relies in determining the litigants' substantive rights.'" *In re Providence Journal*, 293 F.3d at 9-10 (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986)).  The presumption of a common-law right of access does not, however, extend to documents submitted to a court for use in deciding discovery motions.  *Anderson*, 805 F.2d at 13-14 ("[D]iscovery is fundamentally different from those proceedings for which a public right of access has been recognized.").

Instead, "[a] district court need only have had good cause to deny the public access to

documents submitted to the court for its use in deciding discovery motions . . . ." *Id.* at 14.  After

careful consideration, the Court finds that there is good cause for the documents at issue here to

remain under seal.  As noted above, there is no presumption of a right of access to documents

filed with the Court in connection with a discovery dispute.  In addition, the documents

themselves were originally produced under the joint protective order submitted by the parties and

entered by the Court.  The Court and the parties have an interest in efficient discovery, and that

interest is furthered by respecting protective orders entered into by joint agreement among the

parties.  *See Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 535 (1st Cir. 1993) (noting that "the

lubricating effects of the protective order on pre-trial discovery would be lost if the order expired

at the end of the case or were subject to ready alteration.").  Defendants' motion to continue the

impoundment of the documents filed as Docket No. 59 will therefore be granted.

Defendants also request attorneys' fees and costs incurred in filing their motion.  Local

Rule 7.2 requires a motion to file under seal include "a statement of the earliest date on which

the impounding order may be lifted, or a statement, supported by good cause, that the material

should be impounded until further order of the court. The motion shall contain suggested custody

arrangements for the post-impoundment period."  Plaintiff's original motion to file the

documents under seal did not follow that procedure.  *See* D. 58.  Defendants contend that

plaintiff's failure to follow the rule has led to unnecessary litigation.  However, to the extent that

plaintiff's failure to follow the rule led to the present dispute, defendants proper recourse was to

object to or oppose the motion to seal at the time it was filed.  Defendants' motion for attorneys'

fees and costs will therefore be denied.

Accordingly, defendants' motion to continue impoundment is granted and it is hereby

ORDERED that the documents filed as Docket No. 59 in this case remain under seal.

Defendants' motion for attorneys' fees and costs is DENIED.

**So Ordered.**

/s/  F. Dennis Saylor

F. Dennis Saylor IV

Dated:  April 25, 2016       United States District Judge